IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANIBAL MUNOZ VASQUEZ,
          Petitioner,

v.                                      Civil Action No. **3:26CV579 (RCY)**

SUPERINTENDENT OF THE CAROLINE
DETENTION FACILITY, *et al.*,
          Respondents.

## MEMORANDUM OPINION

Anibal Munoz Vasquez ("Petitioner"), acting through counsel, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition" or "Petition," ECF No. 4[1]), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). For the reasons set forth below, the Court finds that Petitioner's detention without a bond hearing violates the Immigration and Nationality Act (INA), and so the Court will order Respondents to provide Petitioner with a standard § 1226(a) bond hearing before an Immigration Judge, in accordance with his statutory rights.

## I.  BACKGROUND

Petitioner, a citizen of Honduras, arrived in this country on October 31, 2022, and presented himself at the Hidalgo, Texas Port of Entry, whereupon he was inspected and released into the United States on parole pursuant to 8 U.S.C. § 1182(d)(5)(A). Pet. ¶ 1, ECF No. 4. On January 18, 2026, while Petitioner was out on a work errand, he was stopped by local police. *Id.* ¶ 3. He was issued no citation, and gave no reason for the stop; ICE was then called to the scene, and upon

---

[1] Petitioner's first-filed Petition, ECF No. 1, was deficient for lack of Petitioner's signature or that of a "next friend" authorized to sign on his behalf. Order, ECF No. 3. Petitioner cured this defect with the filing of the signed Amended Petition, ECF No. 4, which the Court utilizes and cites as the operative Petition in this matter.

their arrival ICE officers shattered Petitioner's vehicle window to remove him therefrom. *Id.* Petitioner alleges that "Respondents provided no advance notice with respect to the revocation of Petitioner's parole, no hearing before a neutral decisionmaker, and no finding that any circumstance had changed since the government itself determined, in October 2022, that he could safely be released." *Id.* Petitioner has been detained in ICE custody since that time. *Id.*

On July 2, 2026, Petitioner filed the controlling § 2241 Petition. The Court directed Respondents to file a responsive pleading addressing, *inter alia*, whether the factual and legal issues presented in this Petition differ in any material fashion from those presented in *Mejias Martinez v. Lyons*, Civil Case No. 3:25CV1021 (RCY), 2026 WL 1257330 (E.D. Va. May 7, 2026), ECF No. 17). Order, ECF No. 5.

Respondents timely submitted a Notice, ECF No. 6, in response to the Court's Order. Consistent with the Court's directive, Respondents advised that no material differences exist between this case and the facts and issues presented in *Mejias Martinez*. Respondents otherwise preserve their objection to the outcome of *Mejias Martinez* and incorporate by reference their arguments from that case into the instant matter. Petitioner did not file a Reply objecting to the application of *Mejias Martinez* or otherwise in support of his position, and the time to do so has passed.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving

the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

### III.   ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).[2]

Petitioner contends, *inter alia*, that 8 U.S.C. § 1226(a) entitles him to a bond hearing.  In opposition, Respondents incorporate the arguments asserted in *Mejias Martinez v. Lyons*, Civil Case No. 3:25CV1021 (RCY). Not., ECF No. 6.  Accordingly, the Court understands Respondents' position to be that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions because, as a parolee, Petitioner remains suspended as an "applicant for admission" still "deemed 'as if stopped at the border.'"  *See* Resp. Opp'n, *Mejias Martinez*, Civil Case No. 3:25CV1021 (RCY), ECF No. 9 at 5–9 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

This Court maintains and incorporates the reasoning of *Mejias Martinez v. Lyons*, Civil Case No. 3:25CV1021 (RCY), 2026 WL 1257330 (E.D. Va. May 7, 2026), ECF No. 17), into this Memorandum Opinion.  Specifically, the Court continues to find persuasive the reasoning of

---

[2] The Court acknowledges Petitioner's assertion that "[t]his case does not turn solely on which detention statute Respondents invoke[;] [i]t also presents a more basic constitutional question: whether the government may strip a person of liberty it previously granted, after more than three years of community release, without notice, a hearing, a finding of changed circumstances, or any individualized determination that detention is necessary." Pet. ¶ 2.  While the Court agrees that the Government's manner of revoking of Petitioner's parole raises serious due process concerns, the Court is unable to reach such questions on the present record.  Just as in *Mejias Martinez*, the Court lacks Petitioner's original parole documentation, setting out the terms and conditions of his parole and the specific purpose thereof, which would carry implications for the processes by which parole may be terminated, revoked, renewed, or extended.  *See Mejias Martinez*, 2026 WL 1257330, at *3 n.7 (E.D. Va. May 7, 2026) (citing *Hurtado-Barba v. Perry*, 2026 WL 950489, at *3 (E.D. Va. Apr. 8, 2026)).  Accordingly, the Court resolves the Petition purely on its INA-based claim.

United States District Judge Mark S. Davis as set forth in the case of *Gomez Villalobos*[3] *v. Crawford*, where Judge Davis found compelling the explanation by another district judge facing similar circumstances, quoting as follows:

> Petitioner is not subject to the entry fiction despite his previous parole into the United States. As this Court has repeatedly stated, Petitioner's parole expired and he continued to remain in the United States for over a year before he was detained. As a result, Petitioner had a similar status to any other undocumented immigrant who entered the United States without inspection and without DHS having any clue as to their whereabouts.

2026 WL 1165576, at *5 (E.D. Va. Apr. 29 2026) (quoting *Rodriguez v. Fields*, No. CV 26-117, 2026 WL 1078101, at *11 (E.D. Ky. Apr. 21, 2026)) (further citing *Escalona v. Noem*, No. 2:26cv769, 2026 WL 885025, at *1 (M.D. Fla. Apr. 1, 2026), which explained in a case where the petitioner overstayed his parole by six months that "[a]pplying § 1225(b)(2) to noncitizens years after they were paroled into the country does not comport with the policy justification for treating noncitizens [already present] in the country differently than those seeking entry").

Once again, the Court faces a case where the petitioner "was not detained in connection with the expiration and termination[4] of his parole, but rather was simply detained after ICE agents randomly encountered him." *Mejias Martinez*, 2026 WL 1257330, at *5 (cleaned up). And so the Court again adopts Judge Davis's reasoning and likewise finds that, "like a noncitizen who unlawfully enters the United States and is present for years prior to being detected, here, after

---

[3] In *Mejias Martinez*, the Court utilized the case caption appearing on the LEXIS-published iteration of the case, "*Carlos v. Crawford*"; the Court amends its references herein, without further notation, to cite the Westlaw-published opinion and properly reflect the petitioner's actual last name, Gomez Villalobos. *See Gomez Villalobos*, 2026 WL 1165576, at *1 n.1 (observing that, although the name appearing on the underling petition was "Gomez Villalobos Jhon Carlos," the petitioner's A-Number suggested that his legal name is actually "Jhon Carlos Gomez-Villalobos").

[4] And again, the record is incomplete with respect to whether Petitioner's parole was even subject to automatic termination without notice and an individualized determination with respect to removal. *See Hurtado-Barba*, 2026 U.S. Dist. LEXIS 76991, *8–9 (describing the statutory processes for revocation and termination of humanitarian parole).

Petitioner's short-term parole ended, Petitioner established a multi-year presence prior to being 'rediscovered.'"  *Gomez Villalobos*, 2026 WL 1165576, at *5; *accord Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 307 (E.D.N.Y. 2025) ("[I]t would be illogical to find that [the petitioner] is still in the process of 'arriving' in the United States when she has been continuously residing in the United States for more than three years after the expiration of her humanitarian parole.").  "Precedent thus supports the finding that Petitioner's multi-year unapproved presence affords him some basic procedural due process rights, which here take the form of a full and fair hearing under § 1226(a) to determine the propriety of his continued detention." *Gomez Villalobos*, 2026 WL 1165576, at *5 (citing *Zadvydas*, 533 U.S. at 693).

Because Petitioner's parole ended and he was not detained based on the expiration of his parole but rather was detained after agents randomly encountered him, as the Court determined in *Mejias Martinez*, Petitioner is entitled to a bond hearing pursuant to § 1226(a).

### IV.  CONCLUSION

For the reasons set forth above, Petitioner's § 2241 Petition, ECF No. 4, will be GRANTED.  The Court will order Respondent to provide Petitioner with a standard § 1226(a) bond hearing before an Immigration Judge.

An appropriate Order will issue.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date:  July 20, 2026
Richmond, Virginia

5